UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FORT INDEPENDENCE INDIAN
COMMUNITY, a federally-
recognized tribe,

        Plaintiffs,

   v.

STATE OF CALIFORNIA; ARNOLD
SCHWARZENEGGER, Governor of
the State of California;
JERRY BROWN, Attorney General
of the State of California,

        Defendants
_____/

NO. CIV. S-08-432 LKK/KJM

O R D E R

This is an action for a declaratory judgment brought by plaintiff Fort Independence Indian Community against the State of California pursuant to the Indian Gaming Regulatory Act. Plaintiff has filed a motion for leave to file an answer to defendants' answer or, in the alternative, a motion to strike. Plaintiff seeks to respond to paragraph 42 of the answer, which denies that the
////
////

1

state received a particular letter from plaintiff.[1]

**A. Motion for Leave to File a Reply**

Rule 7 lists all pleadings that are permitted, including "if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a)(7). If, for example, a defendant asserts qualified immunity as a defense, the court may order a reply to an answer to "insist that the plaintiff put forward specific, nonconclusory factual allegations." Crawford-El v. Britton, 523 U.S. 574, 598 (1998). "[A]n additional pleading by the plaintiff may be helpful to the defendant in laying the groundwork for a motion to test the sufficiency of the claim or defense." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1185 (3d ed. 2004).

It is therefore normally the defendant, rather than the plaintiff, who requests that a reply to an answer be filed. That said, "theoretically it is permissible for the plaintiff to request the court for leave to reply on his or her own behalf." Id. In such instances, however, the reply "is much more likely to be self-serving and not based on any legitimate need." Id. This is

---

[1] Paragraph 42 of the complaint alleges: "On January 25, 2008, the Tribe informed the State that it construed the State's January 22, 2008 letter to be a refusal on the part of the State to eliminate its terms conditioning the formation of a compact on the Tribe's agreement to revenue share and requiring the Tribe to cease participation in the RSTF."

Paragraph 42 of the answer states: "In answer to paragraph forty-two of the Complaint, the Defendants deny that the State received the January 25, 2008 letter, letter from Plaintiff's counsel a copy of which is attached as Exhibit M to the Complaint and, consequently, it does not and could not support the allegations in paragraph forty-two of the Complaint. Therefore, Defendants deny each and every allegation set forth in paragraph forty-two of the complaint."

1 because the allegations in pleadings not requiring a response --
2 e.g., the answer -- are already automatically deemed denied or
3 avoided under Rule 8(b)(6).  Fed. R. Civ. P. 8(b)(6) ("If a
4 responsive pleading is not required, an allegation is considered
5 denied or avoided."); see also First Presbyterian Church v. Rabbit,
6 118 F.3d 732, 736 (9th Cir. 1940) ("No reply being required, the
7 allegations of the answer were 'taken as denied or avoided.'").
8 Accordingly, when a leave to file a reply is requested by the party
9 who will submit the pleading, there must exist "substantial reason"
10 for the request.  Beckstrom v. Coastwise Line, 13 F.R.D. 480, 482
11 (D. Alaska 1953).

12    Plaintiff has not demonstrated substantial reason why leave
13 should be granted to file the reply.  The proposed reply would
14 expressly deny the defendant's allegation of non-receipt; but that
15 denial is already automatically afforded by Rule 8.  The proposed
16 reply would also add the allegation that "[t]hroughout the
17 negotiation that forms the basis of th[e] Complaint, the State .
18 . . 'misplaced' correspondence directed to it from the Tribe," and
19 that the State's failure to respond to the letter at issue "evinces
20 the Defendants' lack of good faith negotiations."  Plaintiff has
21 not indicated why it must incorporate these allegations in the
22 pleadings, rather than by way of argument at summary judgment, for
23 example.  Although plaintiff argues that it is entitled to a
24 rebuttable presumption that the letter was received under the
25 mailbox rule, any such presumption exists independent of whether
26 it is asserted in the pleadings.  Accordingly, the motion to file

a reply is denied.

**B. Motion to Strike**

Plaintiff's motion in the alternative to strike is equally without merit. Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The allegation at issue falls into none of these categories; indeed, it squarely responds, in an appropriate fashion, to the corresponding allegation in the complaint. Accordingly, the motion to strike is also denied.

**Conclusion**

For the reasons explained above, the motion (Dock. No. 9) is DENIED.

IT IS SO ORDERED.

DATED: June 24, 2008.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT