UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FORT INDEPENDENCE INDIAN
COMMUNITY, a federally-
recognized tribe,

        Plaintiffs,

   v.

STATE OF CALIFORNIA; ARNOLD
SCHWARZENEGGER, Governor of
the State of California;
JERRY BROWN, Attorney General
of the State of California,

        Defendants
_____/

NO. CIV. S-08-432 LKK/KJM

O R D E R

Pending before the court is defendants' motion to strike plaintiff's Motion for Summary Judgment and plaintiff's opposition thereto. Plaintiff's motion was noticed for hearing on May 18, 2009 and was electronically filed on April 20, 2009. Plaintiff's certificate of service (Doc. No. 62) states that the motion was served on defendants on April 21, 2009. Under the local rules, this would be untimely. See Local Rule 78-230. On this basis, defendants move to strike the motion.

1

Plaintiff opposes on the grounds that the motion was in fact personally served on defendants on April 20, 2009, which would be timely under the local rules. See Local Rule 78-230. They have filed a notice of errata and corrected certificates of service for the motion. Notice of Errata (Doc. 64); Pl.'s Opp'n to Mot. to Strike, Ex. A.

Additionally, as plaintiff correctly explains, counsel's consent to electronically file documents with the court does not operate as a permanent waiver of the right to make personal service. Local Rule 5-135(g) provides that counsel's registration as an electronic filer constitutes "consent to receive service electronically and waiver of the right to receive service by first class mail pursuant to Fed. R. of Civ. P. 5(b)(2)(E) . . . and waiver of the right to make service by personal service or first class mail pursuant to Fed. R. of Civ. P. 5(b)(2)(E). . . ." Federal Rule of Civil Procedure 5(b)(2)(E) provides, "A paper is served under this rule by . . . sending it by electronic means if the person consented in writing -- in which event service is completed upon transmission, but is not effective if the serving party learns that it did not reach the person to be served. . . ." Thus, the local rule appears to merely provide that if a party has consented to electronically file, it cannot utilize personal or first class mail service in the event of a transmission failure. It does not require that a party that has consented to electronic filing cannot utilize personal or first class mail service throughout the duration of the suit. This interpretation is in

accord with the court's Scheduling Order, which provides for both personal and electronic service of opposition briefs. See Scheduling Order at 3. It also is in accord with other cases in this district in which the court has understood consent to electronic filing not to preclude personal or mail service. See Greenley v. Lee, Case No. S-06-1775-WBS-EFB, 2008 WL 298822 at *1 (E.D. Cal. Feb. 1, 2008); Hamilton v. Willms, Case No. CV-F-02-6583, 2007 WL 1098750 at *2 (E.D. Cal. April 4, 2007).

Finally, the court observes that the plaintiff's motion for summary judgment may be construed as a counter-motion to defendants' pending motion for summary judgment, which has also been noticed for hearing on May 18, 2009. Under Local Rule 78-230(e), plaintiff's motion could have been filed and served at the time their opposition to defendants' motion. Accordingly, plaintiff's motion was not untimely served.

For the reasons stated herein, defendants' motion to strike (Doc. No. 63) is DENIED. The briefing schedule for both parties' pending motions for summary judgment remains as set forth in Local Rule 78-230(c) and (d).

IT IS SO ORDERED.

DATED: April 24, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3