UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FORT INDEPENDENCE INDIAN COMMUNITY, a federally-recognized tribe,

    Plaintiffs,

    v.

STATE OF CALIFORNIA; ARNOLD SCHWARZENEGGER, Governor of the State of California; JERRY BROWN, Attorney General of the State of California,

    Defendants
_____/

NO. CIV. S-08-432 LKK/KJM

O R D E R

Plaintiff Fort Independence Indian Community, a federally recognized tribe, brings suit against the State of California and associated defendants alleging that defendants have violated their obligation to negotiate a Tribal-State Compact in good faith. The magistrate assigned to this case recently denied a motion to compel certain discovery brought by plaintiff, and plaintiff has requested reconsideration of this order. For the reasons explained below, plaintiff's request for reconsideration is denied.

1

**I. BACKGROUND**

**A. Statutory Background**

The Indian Gaming Regulatory Act, 25 U.S.C. § 2701 et seq., provides that certain types of gaming on Indian lands may be conducted only in "conformance with a Tribal-State compact entered into by the Indian Tribe and the State and approved by the Secretary of the Interior." Coyote Valley Band of Pomo Indians v. California (In re Indian Gaming Related Cases Chemehuevi Indian Tribe), 331 F.3d 1094, 1097 (9th Cir. 2003) (citing 25 U.S.C. § 2710(d)(1), (3)(B)) (hereinafter Coyote Valley II). Such gaming must also comply with certain other conditions not relevant here. Id.

A tribe seeking to conduct such gaming may request that the state "enter into negotiations for the purpose of entering into a Tribal-State compact" governing the activity. 25 U.S.C. 2710(d)(3)(A). The state must honor such a request and negotiate in good faith. Id. Tribes may enforce this obligation through a federal suit, provided that the state has waived sovereign immunity, which California has done. § 2710(d)(7)(A), Coyote Valley II, 311 F.3d at 1097. IGRA provides that

> In determining in such an action whether a State has negotiated in good faith, the court--
>
> (I) may take into account the public interest, public safety, criminality, financial integrity, and adverse economic impacts on existing gaming activities, and
>
> (II) shall consider any demand by the State

|   |   |
|---|---|
| 1 | for direct taxation of the Indian tribe or of any Indian lands as evidence that the State has not negotiated in good faith. |
| 2 | |
| 3 | |

25 U.S.C. § 2710(d)(7)(B)(iii)(I)-(II). If no compact has been entered, or the tribe introduces evidence of bad faith, the state bears the burden of proving good faith. § 2710(d)(7)(B)(ii).

In interpreting this good faith standard, courts have taken some guidance from cases interpreting negotiation obligations imposed by the National Labor Relations Act ("NLRA"). Indian Gaming Related Cases v. California, (Coyote Valley I) 147 F. Supp. 2d 1011, 1020-21 (N.D. Cal. 2001), affirmed by Coyote Valley II, 331 F.3d 1094. However, the NLRA and IGRA differ in some important aspects. For example, claims of bad faith negotiation under the NLRA are first reviewed by an administrative agency (the National Labor Review Board), see Nat'l Labor Relations Bd. v. Tomco Communications, Inc., 567 F.2d 871, 876 (9th Cir. 1978). Under the IGRA, the initial determination is made by the court. Thus, while the NLRA caselaw provides some useful guidance, courts have not applied it to the IGRA "wholesale." Coyote Valley I, 147 F. Supp. 2d at 1021.

**B.   Factual and Procedural Background**

Fort Independence is an Indian tribe, located in Inyo County, California, and is recognized by the Secretary of the Interior. See 72 Fed. Reg. 13,648 (March 22, 2007).

In July 2004, Fort Independence requested that the State of California enter into Tribal-State Compact negotiations under the

IGRA, 25 U.S.C. § 2710(d)(3)(A). After initiation of compact negotiations, several meetings took place to discuss the terms of the proposed compact. According to the tribe, an impasse was reached regarding two conditions sought by the State. The State requested that the tribe pay a percentage of its gaming revenue to the state, and that the tribe cease its collection from the "Revenue Sharing Trust Fund." See Coyote Valley II, 331 F.3d at 1105 (discussing these aspects of California's system of Tribal-State compacts). These negotiations ceased, without producing a compact, on January 25, 2008.

Fort Independence filed the complaint in this action on February 25, 2008. The complaint alleged claims under the IGRA and under the California and U.S. equal protection clauses. This court granted the State's motion for judgment on the pleadings as to the equal protection clause claim by Order of September 10, 2008.

On January 16, 2009, Fort Independence noticed a deposition for Andrea L. Hoch, who had been the State's principal negotiator. This deposition was noticed for January 30, 2009. The State informed Fort Independence that it believed that no such deposition was permitted. The parties submitted this dispute to the magistrate assigned to the case, as a motion to compel and cross-motion for a protective order. On March 5, 2009, the magistrate issued a brief order, holding that

> 1. Defendants have not met their burden of demonstrating that any material sought by plaintiff is the subject of the deliberative process privilege; however,

2.      The court finds discovery in this matter
                        is limited to the administrative record;
                        and

                3.      Accordingly, plaintiffs' motion to compel
                        is denied and defendant's motion for [a]
                        protective order is granted.

Order of March 5, 2009, at 2.

Fort Independence filed a motion seeking reconsideration of the magistrate's holding that discovery should be limited to the administrative record. Although the discovery dispute concerned certain written discovery in addition to the deposition of Andrea Hoch, the request for reconsideration concerns only the deposition. See Pl.'s Proposed Order, Doc. No. 45-1. The State filed an opposition to this request.

**II. STANDARD FOR RECONSIDERATION OF A MAGISTRATE JUDGE'S ORDER**

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be decided by a magistrate judge, subject to reconsideration by the district judge. See also Local Rule 72-303(f). The district judge shall, upon reconsideration, modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Id.; see also 28 USC § 636 (b)(1)(A).

Discovery motions are non-dispositive pretrial motions within the scope of Rule 72(a) and 28 USC § 636(b)(1)(A), and thus subject to the "clearly erroneous or contrary to law" standard of review. Rockwell Intern., Inc. v. Pos-A-Traction Industries, Inc., 712 F.2d 1324, 1325 (9th Cir. 1983) (per curiam). "A finding is 'clearly erroneous' when although there is evidence to support it, the

5

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); Anti-Monopoly, Inc. v. General Mills Fun Group, Inc., 684 F.2d 1316, 1318 (9th Cir. 1982).

### III. ANALYSIS

**A. "Administrative Record" Is A Harmless Misnomer**

In denying Fort Independence's motion to compel, the magistrate stated that "discovery in this matter is limited to the administrative record." Order at 2. The most common claims in which review is limited to the administrative record are those brought under the Administrative Procedure Act. See 5 U.S.C. §§ 702, 706. Fort Independence's present motion repeatedly argues that the APA does not apply to the IGRA claim.

It is clear that the APA does not apply. The APA applies only to federal agencies, and not the State of California. 5 U.S.C. § 551(a), Lake Mohave Boat Owners Ass'n v. National Park Serv., 78 F.3d 1360, 1369 (9th Cir. 1995). Even if the APA did regulate the State, the APA does not provide a cause of action where, as here, the action is made reviewable by a separate provision of the IGRA and not made specifically reviewable under the APA. 5 U.S.C. § 704.

It is equally clear, however, based on a review of the magistrate's order and the transcript of the associated hearing, that the magistrate did not intend to implicate the APA. Instead, the magistrate merely adopted defendant's argument that "review is

limited to the 'objective facts'" constituting the record of negotiation, and also adopted defendant's practice of using "administrative record" to refer to this collection of documents. Order, 1.

To avoid further confusion, I use the term "record of negotiation." I now turn to the question of whether the magistrate's decision to limit discovery to this record was proper.

**B. "Good Faith" Is Determined Based on The Record of Offers and Negotiations**

The State argues, and the magistrate held, that a court's determination as to whether a state negotiated in good faith is based on objective factors, including the offers made, etc.

As noted above, the IGRA provides several factors that may or must be considered in the evaluation of good faith. The statute does not, however, explain what evidence may be offered to establish the presence or absence of these factors. Fort Independence notes that Coyote Valley II held that this evaluation must be fact specific. 331 F.3d at 1112 (inquiry based on "the totality of [the] State's actions"), id at 1113 ("the good faith inquiry is nuanced and fact-specific, and is not amenable to bright-line rules."). However, that case did not explicitly discuss which facts should be considered, and the factors it relied on where of the objective type identified by the magistrate here. Id. at 1113, 1115-16; see also Coyote Valley I, 147 F. Supp. 2d. at 1021-22 (looking to particular offers made, whether provisions were introduced unilaterally or through negotiations, whether

counter-offers that the State refused were unreasonable or based on legal incorrect positions, and willingness to engage in further negotiation). Similarly, the two NLRA cases cited by Fort Independence, both of which held that the good faith inquiry was fact specific, did not define the scope of the factual inquiry, and both solely discussed similarly objective facts relating to the record of negotiations. NLRB v. Dent, 534 F.2d 844, 846 (9th Cir. 1976), NLRB v. Stanislaus Implement & Hardware Co., 226 F.2d 377, 381 (9th Cir. 1955).

The parties provide only two district court opinions, both unpublished, which directly address the propriety of depositions in a claim that a state failed to negotiate in good faith. Rincon Band of Luiseno Misson Indians of the Rincon Reservation v. Schwarzenegger, No. 04-cv-1151, 16-17 (S.D. Cal. April 10, 2006),[1] New York v. Oneida Nation of New York, No. 95-CV-05554(LEK/RFT), 2001 WL 1708804 (N.D.N.Y. Nov. 9, 2001). The former opinion adopted the magistrate's position, concluding that "good faith will be determined by such <u>objective</u> factors as conduct and actions, offers and counter-offers, not motives or other subjective factors that leave too much room for misinterpretation and are far too productive of conflict and dissension and much less productive of concord and results." Rincon Band, 04-cv-1151 at 16 (citing Coyote II, 331 F.3d 1094). Ondeida Nation, on the other hand, allowed depositions of certain state officials. 2001 WL 1708804 *7. The

---

[1] This case is not available through either Westlaw or Lexisnexis.

court's analysis considered the availability of various privileges, but did not discuss the preliminary question of what facts should be considered in making the good faith determination. Id. at *2-*7.

Rincon Band better comports with the Ninth Circuit cases considering the record of negotiation in evaluating good faith. In light of these cases' resolution of the good faith question solely with reference to evidence of this type, the magistrate permissibly concluded that such information is not discoverable. Fed. R. Civ. P. 26(b). This decision is analogous to the rule that when APA claims will be resolved on the administrative record, discovery beyond that record is ordinarily unnecessary and will not be permitted. Accordingly, the magistrate's decision to grant the State's request for a protective order limiting the scope of discovery to the record of negotiations was a permissible exercise of the magistrate's discretion. See Fed. R. Civ. P. 26(c), Martin v. D.C. Metropolitan Police Dept., 812 F.2d 1425, 1437 (D.C. Cir. 1987) rehearing granted, opinion vacated in part on other grounds 817 F.2d 144.

**C.  Deposition of A High Ranking Official**

In light of the court's conclusion above, the court does not address the State's separate argument that Fort Independence had failed to make the showing required prior to deposing a high ranking official. Kyle Engineering Co. v. Kleppe, 600 F.2d 225, 231 (9th Cir. 1979). Accordingly, the court denies as moot Fort Independence's motion to strike the State's argument on this point.

**IV. CONCLUSION**

For the reasons stated above,

1. Plaintiff's motion for reconsideration, Doc. No. 45, is DENIED.
2. Plaintiff's motion to strike portions of defendants' reply to the motion for reconsideration, Doc. No. 51, is DENIED.

IT IS SO ORDERED.

DATED: May 7, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT