UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FORT INDEPENDENCE INDIAN COMMUNITY, a federally-recognized tribe,

        Plaintiffs,

   v.

STATE OF CALIFORNIA; ARNOLD SCHWARZENEGGER, Governor of the State of California; JERRY BROWN, Attorney General of the State of California,

        Defendants
_____/

NO. CIV. S-08-432 LKK/KJM

O R D E R

Pending before the court are cross-motions for summary judgment in the above-captioned case. The court has taken these motions under submission. It appears to the court that one potentially significant issue in this case is whether the state-wide prohibition on non-tribal gaming provides significant benefits to the Tribe.

Neither party has provided evidence on this issue, e.g., estimates of the revenue the Tribe's proposed gaming would realize

1

with or without this prohibition. The State bears the burden of proof as to showing good faith, but has not identified any evidence indicating the Tribe's anticipated revenue under any of the proposed compacts, the difference in revenue that the Tribe would realize with or without exclusivity, or the anticipated amount of payments to the State. The Tribe has offered a study constituting some evidence as to the Tribe's expected revenue assuming exclusivity from non-tribal gaming, but without any discussion as to what revenue the Tribe would realize without exclusivity. (Houck Decl. Ex. AA.) Thus, the Tribe has not provided evidence indicating the value of exclusivity.[1]

The parties' failure to provide evidence on this issue may be due to this court's own orders in this case. The Tribe earlier moved to compel the deposition of Andrea Hoch, the State's principal negotiator in this matter. The State then moved for a protective order barring this deposition as well as written discovery propounded by the Tribe. The magistrate assigned to this case denied the motion to compel and granted the motion for a protective order, concluding that "discovery in this matter is limited to the administrative record." Order of March 5, 2009, Doc. 41. This court denied the Tribe's request for reconsideration of that order, explaining that "administrative record" was a misnomer insofar as it implied the usage of the term under the

---

[1] Instead, the Tribe asserts without evidence that even with exclusivity, gaming would not provide a profit to the Tribe if RSTF payments cease and revenue sharing is required. This is a separate question.

1 Administrative Procedure Act, but that the magistrate was
2 nonetheless correct in that the issue of good faith would be
3 determined on the "record of negotiation" consisting of "conduct
4 and actions, offers and counter-offers, not motives or other
5 subjective factors."  Order of May 7, 2009, Doc. No. 71 (quoting
6 <u>Rincon Band of Luiseno Mission Indians of the Rincon Reservation</u>
7 <u>v. Schwarzenegger</u>, No. 04-cv-1151, 16 (S.D. Cal. April 29, 2008)).
8 Although this court focused on the irrelevance of evidence of the
9 parties' subjective intent, the parties could have reasonably
10 interpreted this order as precluding introduction of other evidence
11 that was neither an action, offer or counter-offer.

12    Given all of the above, although the degree of benefit
13 provided to the Tribe by exclusivity is potentially dispositive in
14 this case, this court cannot grant summary judgment to either party
15 on the basis of the failure to provide evidence on this issue.
16 Rather than delaying resolution of this matter, the court will
17 grant the parties 30 days to provide evidence as to the degree of
18 benefit that the statewide prohibition on non-tribal gaming conveys
19 to the Tribe.  Insofar as information of this type was not at issue
20 in the parties' earlier discovery dispute, as evidenced by their
21 joint statement of that dispute (Doc. No. 39), discovery need not
22 be reopened.

### CONCLUSION

24    For the reasons stated above, the parties MAY provide, within
25 30 days of the date of this order, evidence as to amount of
26 potential gaming revenue expected by the Tribe that may be

3

attributed to the statewide prohibition on non-tribal gaming. Such evidence MAY be accompanied by briefing not to exceed 10 pages, confined to this single issue.

IT IS SO ORDERED.

DATED: July 8, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4